**GOSSMAN et al. v. WEST.**

**No. 9541.**

Court of Civil Appeals of Texas. Galveston.
April 14, 1931.

W. P. Hamblen, of Houston, for plaintiffs in error.

Platt, West & Stevenson, of Houston, for defendant in error.

PLEASANTS, C. J.

This appeal is from an order of the court below accepting and confirming the report of commissioners of partition appointed by the court in a suit for partition brought by defendant in error against plaintiffs in error and others to partition land owned jointly by the parties to the suit.

Plaintiffs in error filed the following objection to the report of the commissioners, which was duly verified by the oath of two of the objectors:

"Now comes Joe Gossman, Frank Gossman, Theodore Gossman and Albert Gossman, defendants in the above numbered and entitled cause, and file this their exception to the Report filed herein by J. L. Moskowitz and J. S. Boyles, commissioners heretofore appointed by this court, and say that the report of said commissioners is unfair, unjust and inequitable to these defendants, in this, that the land sought to be partitioned consists of two tracts out of the David Harris League in Harris County, Texas, one tract consisting of 50 acres, and one tract consisting of 150 acres, approximately, that said tracts are not contiguous, and that these defendants own approximately a one-half interest in the same, and that there is no reason why the two tracts should not be divided so that both the plaintiff and the defendants would receive a portion of both of said tracts. That both of said tracts of land front on Middle Bayou, which is a running stream of water and which provides good fishing, bathing and other sports, in addition to furnishing water at all times for cattle and domestic uses, and is a navigable stream with a depth of 6 to 20 feet and about 50 feet in width, that in the partition, as shown by the report filed by J. L. Moskowitz and J. S. Boyles, no part of the land set apart to these defendants has any frontage whatever on Middle Bayou but same is entirely cut off from Middle Bayou and these defendants therefore have no access to the Bayou, and that the partition as suggested in said report is unfair and inequitable and same should be set aside and new commissioners appointed.

"Wherefore, these defendants pray that said report be not accepted, but that same be cancelled and that new commissioners be appointed herein."

No jury was asked for, and the issues of fact as well as of law raised by the pleadings and evidence were submitted to the court. After hearing the evidence, the court rendered judgment adopting the report of the commissioners and ordering that the title of the respective parties be vested in accordance therewith.

At the request of plaintiffs in error, the court made and filed the following findings of fact and conclusions of law:

"Findings of Facts.

"1st. By decree of this Court entered on the 19th day of April, 1929, commissioners were appointed to divide between plaintiff and defendants the lands described in plaintiff's petition, and on the 26th day of June, 1929, said commissioners filed their report in writing and under oath. On the 1st day of July, 1929, defendants, Joe Gossman, Albert Gossman, Theodore Gossman, and Frank Gossman, through their attorney, filed objections to said report, alleging that the same did not fairly and equitably divide said lands. I find that there is no charge of fraud either by the pleadings or the evidence.

"2nd. This Court judicially knows that as a general proposition there is a difference in the value of land situated on a creek or bayou from that not so located, but the Court does not undertake to pass upon the value of the particular land set apart to the respective parties to this cause, except as shown by the evidence produced upon the trial hereof and the report of the commissioners. I find that the evidence offered upon the hearing of defendants' objection is insufficient to repel the legal presumption existing in favor of the regularity and fairness of the report of commissioners.

"3rd. I find that the commissioners have divided said lands fairly and equitably and in accordance with the order of this Court.

400

**"Conclusions of Law.**

"I conclude as a matter of law that the objections of said defendants, Joe Gossman, Albert Gossman, Theodore Gossman, and Frank Gossman, should be overruled, and that the report of the commissioners filed in this cause should be approved and confirmed by this Court, and entered of record."

As presented by the record and the brief of plaintiffs in error, this appeal presents the one question of whether the finding of the trial court that the partition made by the commissioners and approved by the court was equal and just. Appellants' brief thus states the question:

"This appeal is based purely on the question of fact that the award made by the Commissioners is not a fair and equitable partition of the land, and that the part awarded to the defendant in error West is proportionately much more valuable than that awarded to the plaintiffs in error."

From our examination of the statement of fact, we find the following testimony, which amply sustains the fact conclusions of the trial court:

J. L. Moskowitz, one of the commissioners was offered as a witness by defendant in error, and testified: "I went upon this land and went over it and consider the partition, the way we divided it, fair and equitable between the parties. As I found it, about two-thirds of that particular land was under water and about half of it was overgrown with mesquite—I guess you would call it mesquite—and trees of small growth, a thicket; and in fact I have been surveying here over twenty years and don't know of any piece of land—well, I might say in Harris County, that has any bigger (thicket) along that bayou. East from the bayou in the neighborhood of where we gave the Gossmans their land it was probably about two-thirds clear, that is prairie and light timber. There was water in this Big Island Slough at the time we were there. It was practically all marsh land from Big Island Slough to Middle Bayou." He further stated on cross-examination that "the land down on the creek was not cleared; it was all brush."

J. Stewart Boyles, county surveyor, and one of the commissioners, was offered as a witness by plaintiffs in error, and he testified:

"I think that the partition we have made is a fair and equitable partition of that 200 acres of land or else I would not have signed it. We partitioned it so as to give the four Gossmans their land in a body. In my opinion the land of the Gossmans is worth as much as the land we set aside to Mr. West; that is, in the proportion to the amount they owned * * * and my idea in this is, so far as the value of the land is concerned, I don't see any material difference. The Gossman land is not on a road, but it is nearer the road than the proportion we set aside to Mr. West. * * *

"If I had known it was desired by both parties, or one of the parties, they could have bayou frontage, we could very easily have done it. But as I have stated here on the stand, the reason we partitioned the property as we did was to try to keep the Gossman tract in a body, and to try to keep West's tract in a body so as to adjoin the property he owned; but just to give him access to the bayou, Mr. Hamblen, didn't enter into it with us at all. It was merely a question of Mr. West already having a tract here, a tract that comes in the bend, and a tract on the north, and we set aside to him a portion of the property so all of his land would be together. And we gave to the Gossmans so as to keep their tract in one body."

The Gossman defendants had asked in their pleading that their interest in the land be set aside to them jointly.

██ Two of the Gossmans, plaintiffs in error, testified that in their opinion the land was not fairly divided because they were given no frontage on the bayou, but neither of them testified that the market value of the land given them was not equal to that set aside to the defendant in error.

Two or three witnesses testified for plaintiffs in error that in their opinion generally land fronting on the bayou was more valuable than that without water frontage. Only one of these witnesses gave any opinion as to the relative value of the land given plaintiffs in error and that set apart to the defendant in error. This witness placed the value of the land given defendant in error on the bayou at three times that of land on the prairie in that locality.

Upon this state of the evidence, it certainly cannot be held that the finding of the court that the partition was fairly made is not supported by sufficient evidence.

The fact findings of a trial court are accorded the same dignity and conclusiveness as those of a jury, and an appellate court is not authorized to disturb such findings, unless they are so against the overwhelming weight of the evidence that the mind and conscience of the court are convinced that they are wrong. No such case is presented by this record.

It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.